UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARTHUR WILLIAMS,
    Plaintiff,

vs.                                 Case No.: 3:22cv4903/MCR/ZCB

ALESHIA ROBBINS, et al.,
    Defendants.
_____/

## AMENDED REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. (Doc. 1). The operative complaint is Plaintiff's third amended complaint (Doc. 28). Defendants B.R. Allen, K. Folds, Sheila Melvin, and D.L. Perry have moved to dismiss (Doc. 39), and Plaintiff has responded in opposition (Doc. 45). The Court issued a Report and Recommendation on January 24, 2024, recommending that Defendants' motion to dismiss should be granted in part as to Plaintiff's request for declaratory relief and denied in part as to all other relief. (*See* Doc. 50). On March 25, 2024, later-served Defendants K. Kelly, Aleshia Robbins, and L. Rodriguez moved for an extension of time to move to dismiss Plaintiff's complaint and simultaneously moved to dismiss based on "the same

deficiencies outlined by the other Defendants in their motion to dismiss."

(Doc. 53).    The District Judge deferred ruling on the Report and

Recommendation and referred the matter to the undersigned for the

preparation of an amended Report and Recommendation in light of

Defendants' motion (Doc. 53).  (Doc. 54).  For the reasons below, the Court

recommends that Defendants' motion to dismiss be granted in part as to

Plaintiff's request for declaratory relief and denied in part as to all other

relief.

## I.    Background[1]

Plaintiff names seven Defendants, all of whom were medical staff

members at Santa Rosa Correctional Institution-Annex ("SRCI Annex")

at the time of the events giving rise to this action.  (Doc. 28 at 1-3).

Plaintiff names Nurses Aleshia Robbins, Shelia Melvin, K.M. Kelly, B.R.

Allen, and K. Folds, and Doctors L. Rodriguez and D.L. Perry, all in their

individual capacities, as Defendants.  (*Id.*).  Plaintiff asserts First and

---

[1] The allegations contained in Plaintiff's third amended complaint are
accepted as true for purposes of ruling on the motion to dismiss.

Eighth Amendment claims, and he seeks both declaratory and monetary relief. (*Id.* at 19-20).

Plaintiff has been wheelchair bound since 1990. (*Id.* at 5). His wheelchair confinement caused him to develop decubitus ulcers (bed sores) on his buttocks. (*Id.*). In 1994 or 1995, Plaintiff underwent surgery for a bed sore that would not heal. (*Id.*). He was prescribed a "Roho cushion" and air mattress to alleviate pressure-related issues such as bed sores. (*Id.*). About fifteen years later, Plaintiff underwent a second surgery for another bed sore. (*Id.* at 6). Plaintiff was then prescribed a Roho cushion and air mattress. (*Id.*).

Plaintiff had the Roho cushion when he arrived at SRCI, but he claims it was taken from him in June 2020 "during an ADA meeting." (*Id.*). Plaintiff alleges the "cushion had deflated on one side because of normal use and wear" and was replaced by a "foam cushion." (*Id.*). Plaintiff alleges this replacement foam cushion "did not aid Plaintiff in preventing" his bed sores and was "also soon taken because of routine wear." (*Id.*). Plaintiff alleges that despite confirmation that his Roho cushion and air mattress were not security issues at the institution,

3

Plaintiff was neither provided another cushion nor a replacement air mattress. (*Id.*).

Plaintiff alleges that as a result of not having his Roho cushion, he developed a bed sore that has worsened and caused him extreme pain and discomfort. (*Id.*). Plaintiff alleges that as a result of not having his air mattress, he has been forced to sleep on a flat mattress, which has caused him rib and pelvis pain, poor circulation, bruises and severe aches, cramps, numbness, emotional distress, and other discomfort. (*Id.* at 6-7).

Plaintiff also alleges he was prescribed a special 3,000 calorie diet and Ensure dietary supplement to "boost the natural healing process" of the bedsore. (*Id.* at 7). But Plaintiff claims this nutritional boost was "abruptly discontinued" before the bedsore healed and has never been reinstated. (*Id.*).

It appears Plaintiff underwent an additional surgery for a bedsore, although it is unclear from Plaintiff's complaint when this surgery occurred. (*Id.* at 8). Additionally, Plaintiff alleges that Defendant Allen "made known to Plaintiff that her coworkers had a vendetta against

Plaintiff for the filing of medical grievances that prevented Defendant Allen from reordering the [Roho] cushion [and] air mattress, and renewing the nutritional dietary boost." (*Id.* at 8).

## II.    Discussion

### A. The Rule 12(b)(6) standard.

Rule 12(b)(6) provides that a complaint should be dismissed if it fails to state a claim on which relief can be granted. When evaluating a Rule 12(b)(6) motion to dismiss, a court must accept the complaint's allegations as true and construe the facts in the light most favorable to the plaintiff. *Davis v. Monroe Cnty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). To survive dismissal, "[a] plaintiff must plausibly allege all the elements of the claim for relief. Conclusory allegations and legal conclusions are not sufficient; the plaintiff[] must state a claim to relief that is plausible on its face." *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1279 (11th Cir. 2017) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The pleadings of *pro se* litigants are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). "Despite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

**B. Defendants' motion to dismiss for failure to state a claim and for a more definite statement**

Defendants Melvin, Allen, Folds, and Perry's motion lacks merit as to its arguments concerning counts I-VIII and X-XI of Plaintiff's complaint. First, Defendants' motion seeks to dismiss counts I, II, III, IV, and V of Plaintiff's complaint for failure to state a claim. Second, Defendants move for a more definite statement of counts VII, VIII, X and XI.

*1. Counts I, II, III, IV, and V*

Defendants argue that Plaintiff has failed to state First Amendment retaliation claims against Defendants Melvin, Folds, Perry, and Kelly (counts I-IV of Plaintiff's complaint) because the harm Plaintiff complains of occurred before, instead of after, Plaintiff filed grievances. (Doc. 39 at 4; Doc. 53). In response, Plaintiff points to specific paragraphs

6

of his complaint where he alleges that the harm he complains of occurred as a result of his filing of grievances.  (*See* Doc. 45 at 3-4) (quoting Doc. 28 at 9) ("As a result of Plaintiff filing grievances against medical, Defendant[s] . . . refuse[] to provide Plaintiff with the necessary treatment.").

The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech.  *Crawford-El v. Britton*, 523 U.S. 574, 588 n.10, 592-93 (1998); *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003).  "First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment." *Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006).  To establish a First Amendment retaliation claim, the inmate must show three things:  (1) his speech was constitutionally protected; (2) he suffered adverse action such that the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech.  *Douglas v. Yates*, 535

F.3d 1316, 1321 (11th Cir. 2008); *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

A prisoner's filing of a grievance concerning the conditions of his imprisonment is protected speech that satisfies the first element. *Douglas*, 535 F.3d at 1321. The second element requires "an objective standard and a factual inquiry." *Smith*, 532 F.3d at 1277. For example, a prison official's threat to punish a plaintiff for filing grievances may be sufficient to deter a person of ordinary firmness from exercising his First Amendment right. *See e.g., Pittman v. Tucker*, 213 F. App'x 867, 870 (11th Cir. 2007) (holding the prison officials' threats to punish plaintiff for filing grievances were sufficient to deter a person of ordinary firmness from exercising his First Amendment rights even though the officials lacked actual authority to inflict the threatened punishment).

The third element, whether there was a causal connection between the retaliatory acts and the adverse effect on the speech, "asks whether the defendants were subjectively motivated to discipline because [the prisoner] complained of the conditions of his confinement." *Smith*, 532 F.3d at 1278. Initially, the plaintiff must plead and provide sufficient

evidence of the retaliatory motive and the adverse action. *See Hartman v. Moore*, 547 U.S. 250, 259-60 (2006) (cleaned up). The burden then "shifts to the defendant official to demonstrate that even without the impetus to retaliate he would have taken the action complained of." *Id.* at 260.

Here, the Court disagrees with Defendants' reading of Plaintiff's complaint. Contrary to Defendants' assertions, Plaintiff has alleged that the harm he complains of—namely, not receiving a replacement Roho cushion and air mattress—occurred "[a]fter" or "[a]s a result of" Plaintiff's filing of grievances. (*See, e.g.*, Doc. 28 at 9-10, 12). For example, Plaintiff has specifically alleged that:

- "After Plaintiff filed these grievances, Defendant Melvin told Plaintiff that 'under my watch you will not get a Roho cushion.'" (*Id.* at 9).

- "As a result of Plaintiff filing grievances against medical, Defendant Melvin refuses to provide Plaintiff with the necessary treatment." (*Id.*).

- "As a result of Plaintiff filing grievances against medical, Defendant Melvin refuses to order the requisite previously prescribed treatment." (*Id.*).

- "As a result of these prior medical grievances, Defendant Folds has previously refused to change his ulcer dressings as prescribed." (*Id.* at 10).

- "As a result of these prior medical grievances, Defendant Kelly has previously refused to change his ulcer dressings as prescribed." (*Id.* at 11).

- "As a result of Plaintiff filing grievances against medical, Defendant Perry refused to provide Plaintiff with the necessary treatment." (*Id.* at 12).

- "As a result of these prior medical grievances, Defendant Kelly actively engaged in hostile actions against Plaintiff . . . . [and] refused to change his ulcer dressings as prescribed." (*Id.* at 11).

Liberally construing Plaintiff's allegations and accepting them as true as the Court must at this point, Plaintiff has plausibly alleged that he filed grievances regarding his medical treatment and was thereafter punished

10

by Defendants.    Therefore, Defendants' motion to dismiss the First

Amendment retaliation claims should be denied.[2]

2. *Counts VII, VIII, X, and XI*

Defendants briefly contend that Counts VII, VIII, X, and XI of

Plaintiff's complaint "[n]eed [c]larification," and they thus move for a

more definite statement under Federal Rule of Civil Procedure 12(e).  See

Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of

a pleading . . . which is so vague or ambiguous that the party cannot

reasonably prepare a response.").

---

[2] Plaintiff's complaint appears to assert an Eighth Amendment claim against Defendant Kelly in Count V.   But Defendants' earlier-filed motion to dismiss contains no argument concerning Eighth Amendment law.  Therefore, the Court has no argument before it as to why count V of Plaintiff's complaint should be dismissed.  Defendant Kelly's motion to dismiss count V should, therefore, be denied.  *See J.P. ex rel. Price v. Crews*, No. 2:12cv46, 2012 WL 1466634, at \*6 (M.D. Ala. Apr. 27, 2012) (denying a motion to dismiss because "conclusory arguments are not sufficient to support [a] motion to dismiss"); *see also Heritage Prop. & Cas. Ins. Co. v. Holmes*, No. 3:20-cv-539, 2021 WL 816944, at \*4 (M.D. Ala. Mar. 3, 2021) ("Beyond the conclusory assertion that the complaint fails to state a claim for which relief can be granted, the Defendants offer no argument or analysis in support of their motion to dismiss on this basis.  The burden is on the parties to formulate arguments and present law in support of their position.  The Defendants fail to do this, and their motions to dismiss on this basis are due to be denied.") (internal citations omitted).

In Counts VII and VIII, Plaintiff alleges similar allegations against two different Defendants—namely, that both Defendants Allen and Melvin replaced Plaintiff's Roho cushion with a foam cushion. (Doc. 39 at 4; Doc. 28 at 14-15). In response, Plaintiff disputes that these two counts of his complaint require clarification because "[t]he facts presented in these two Counts are not ambiguous or unintelligible. Each Count alleges that Defendant Melvin and Defendant Allen took from Plaintiff the Roho Cushion and replaced it with an inferior cushion." (Doc. 45 at 7). In other words, Plaintiff argues that two different Defendants can carry out the same action. The Court agrees.

In Counts X and XI, Plaintiff alleges Eighth Amendment claims against Defendants Rodriguez and Robbins, contending they intentionally interfered with his medical treatment. (Doc. 28 at 17-18). As to Defendant Rodriguez, Plaintiff claims he "refused to follow the prescribed treatment regimen ordered by" another doctor and "refused to remove the dead tissue of the wound as prescribed." (*Id*. at 17). Plaintiff therefore alleges that Defendant Rodriguez wrongfully took an "[e]asier and less efficacious [course of] treatment" of Plaintiff's medical needs.

(*Id.*).  And as to Defendant Robbins, Plaintiff contends this Defendant took Plaintiff's air cushion and mattress, despite knowing they were medically prescribed.  (*Id.* at 18).  Plaintiff alleges Defendant Robbins also took an easier and less efficacious course of treatment of Plaintiff's medical needs.  (*Id.*).  As a result of both Defendants' actions, Plaintiff claims he suffered a "newly developed decubitus ulcer."  (*Id.* at 17-18).[3]

Having reviewed the third amended complaint, the Court sees no need for further clarification of Plaintiff's allegations.  Therefore, Defendants' motion for a more definite statement should be denied.

C. **Defendants' motion to dismiss Plaintiff's request for declaratory relief**

Among other types of relief, Plaintiff has sought a declaratory judgment that Defendants have violated his constitutional rights.  (Doc. 28 at 20).  Defendants assert Plaintiff's request for declaratory relief is improper because Plaintiff has named Defendants in their individual

---

[3] It is unclear exactly what argument for a more definite statement that Defendants Robbins and Rodriguez are asserting.  Their motion simply requests the arguments contained in the earlier-filed motion to dismiss be asserted on their behalf, but the earlier-filed motion to dismiss asserts arguments concerning different counts of the complaint against different Defendants.

capacities only.   (Doc. 39 at 4).   Plaintiff does not appear to oppose Defendants' assertion in his response.

Generally, a claim for declaratory relief is "considered to be [an] official capacity claim[] against the relevant government entity" rather than an individual capacity claim.[4]   *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 n.9 (11th Cir. 1995).   Here, Plaintiff has not alleged any official capacity claims against Defendants; Plaintiff has named Defendants in their individual capacities only.   (Doc. 28 at 2-3).   And Plaintiff cannot maintain a request for declaratory relief against Defendants in their individual capacities.   *See Noel v. Arias*, No. 18-CIV-60041, 2018 U.S. Dist. LEXIS 17576, at *28 (S.D. Fla. Feb. 1, 2018) (determining that a request for declaratory relief should be dismissed when the plaintiff had not stated any official capacity claims).   Thus, Plaintiff's request for declaratory relief should be dismissed.   *See Noel*, 2018 U.S. Dist. LEXIS 17576, at *28; *Hall v. Jarvis*, No. 3:10-cv-442, 2011

---

[4] A contract medical provider at a prison is treated as a governmental entity because it is performing the traditional governmental function of providing inmate medical care.   *Denham v. Corizon Health, Inc.*, 675 F. App'x 935, 940 (11th Cir. 2017).

14

WL 971125, at *6 (M.D. Fla. Mar. 2, 2011) (dismissing a request for declaratory relief when the plaintiff had not stated official capacity claims); *Merritt v. Godfrey*, No. 3:13CV607, 2015 WL 5439306, at *10 (N.D. Fla. Aug. 10, 2015), *adopted by*, 2015 WL 5440570 (N.D. Fla. Sept. 19, 2015) (same).

### III.  Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Defendants' motion to dismiss (Docs. 39, 53) be **GRANTED in part** as to Plaintiff's request for declaratory relief **and DENIED in part** as to all other relief.

2. This case be recommitted to the undersigned for further proceedings.

At Pensacola, Florida this 28th day of March 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of this Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not

<u>control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

16